# 7244

By Judge Godchaux:

M. S. Haik

vs.

P. Soniat Dufossat.

No. 7244;

Court of Appeal,

Parish of Orleans.

Claiborne, J., recused.

- - - - -

O P I N I O N.

*Godchaux, J.* This is a suit by a tenant against his landlord for alleged damage to his household effects and stock of merchandise, as well as for the cost of temporary repairs to the roof of the leased premises, all resulting from the tropical storm of September 29, 1915. There was judgment dismissing plaintiff's suit, and the latter appeals.

Under any circumstances, the proof of plaintiff's alleged damage is too vague and unsatisfactory to warrant a finding in his favor. Defendant was not permitted a view of the furniture and merchandise after the damage occurred, and though it was manifest that the damage to these articles, consisting of beds and other household effects and partly of canned goods of a grocery stock, could not be total, nevertheless, according to plaintiff's evidence, some of these articles were given away and the remainder cast by him in the garbage heap. He further testified that, pending these proceedings he lost, mislaid or destroyed nearly every voucher that would sustain his proof of loss; and as to those books, receipts or other vouchers which still remained confessedly in his possession, he failed to produce them when ordered so to do by the Court.

And even upon the score of the temporary repairs to the roof – an expenditure made by plaintiff but a few days before filing suit – there is a total absence of vouchers or receipts, while the testimony of the three witnesses called to fix the amount of this disbursement, impresses us no more favorably than it apparently did the trial Judge who heard them.

Furthermore the demand for labor and material was so general and the consequent scarcity thereof was so acute, following the storm which left hardly a roof in the City uninjured, that it is not surprising that defendant, though he promptly applied to numerous roofers, was unable to have the roof repaired before the severe rains of October 12th and 13th occurred. He was guilty of no laches in declining to employ for the hazardous and specialized work of repairing an unusually steep roof, the inexperienced stranger sent to him by plaintiff and of whose business, skill or capacity he knew and could ascertain nothing. Moreover after the defendant had announced that he could not secure labor and would not employ this stranger, plaintiff's remedy was to have the repairs made himself, for he then had in his hands arreages of rent for three months, an amount more than sufficient to cover this expenditure.

We find no error, and the judgment is accordingly affirmed.

Claiborne, J., recused.                                    Affirmed.